MAXWELL v. SALUDA COUNTY.

1. COUNTIES—AFFIDAVITS.—A claim against a county should be proven by affidavit stating that services charged for have been rendered, or that claim therefor is due.

2. IBID.—COUNTY BOARD OF COMMISSIONERS.—When a claim is presented against a county without proper proof by affidavit, the county board may allow other proof to support the defective affidavit.

3. IBID.—IBID.—APPEAL—JURISDICTION.—THIS COURT has no jurisdiction to review a finding of fact by a Circuit Judge on appeal from county board of commissioners.

Before GARY, J., Saluda, December, 1898.   Affirmed.

Claim by Wm. Maxwell against County of Saluda. From judgment by county board against the claim, plaintiff appealed to Circuit Court. From order of Circuit Court allowing claim, the county appeals.

*Mr. Eugene W. Able,* for appellant, cites: *Account was not properly proven:* Rev. Stat., 691; 25 S. C., 100; 27 S. C., 9.

*Mr. J. B. Hunter,* contra, cites : *If affidavit was defective, such defect was cured by testimony:* 42 S. C., 321, 270; 26 Mich., 422. *Finding of fact by Circuit Judge on appeal from county board is final:* 40 S. C., 276. *No fact stated in the return of the county board can be considered:* 40 S. C., 276; 42 S. C., 321.

June 27, 1899.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   The board of county commissioners for Saluda County having disallowed a claim presented by William Maxwell for $87.50, for plastering the inside walls of the jail with Portland cement, Maxwell appealed to the Circuit Court, whereupon that Court gave judgment in favor of Maxwell against the county for the amount claimed, from which judgment the county appeals to this Court.

1. It is contended that the Court erred in rendering judgment, when the record before the Court showed clearly that Maxwell had never presented his account properly attested. Sec. 691, Rev. Stat., provides: "No account shall be audited and ordered to be paid by the county board of commissioners for any labor performed, fees, services, disbursements or any other matter, unless it shall be made out in items and accompanied with an affidavit attached thereto, and made by the person or officer presenting or claiming the same, that the said items are correct, and that the labor, fees, disbursements, services or other matter charged therein have been, in fact, done, made, rendered or are due, and that no part of the same has been paid or satisfied. * * * Nothing in this section shall be construed to prevent the board from disallowing any account, in whole or in part, when so rendered and verified, if it appears that the charges are incorrect, or that the services or disbursements have not, in fact, been made, nor from requiring any other or further evidence of the truth or propriety thereof. * * * And the board may refuse to admit or allow any claim or demand whatever, unless made and verified in the manner herein specified, &c." The claim was first presented for audit in this form: "South Carolina. Saluda County to William Maxwell, Dr. 1898. March and April. To plastering inside walls of jail with Portland cement, $87.50. Personally before me comes Wm. Maxwell, who, being duly sworn, says that the above account of $87.50 is just and correct, and no part of the same has been paid by discount or otherwise." The verification is deficient in not stating that the services charged for therein have been, in fact, rendered, or that the claim therefor is due, but it appears that the commissioners had allowed this original affidavit to be supplemented by an additional affidavit of Maxwell and another affidavit by his workman, also by the written bid for the work of Maxwell, and the minutes of the board showing acceptance of said bid, all of which tended to show performance of the work or services charged for, ac-

cording to the contract. The additional affidavit cured any defect in the original verification of the claim. The claim was, therefore, properly attested when disallowed by the board.

2. Under the exceptions to the action of the board, and the evidence before the board, the Circuit Court found as matter of fact that there was a contract, and that Maxwell had performed the work according to the contract. This finding of fact is not reviewable by this Court and is, therefore, final and conclusive. *Tinsley* v. *Union County*, 40 S. C., 282. All exceptions in reference to matters of fact must accordingly be overruled.

The foregoing renders it unnecessary to consider other exceptions in detail, and they are overruled.

The judgment of the Circuit Court is affirmed.